In The Matter of William H. Turner.

[No. 1075S255. Filed August 23, 1977.]

*Keith C. Reese,* of Indianapolis, for respondent.

*David B. Hughes* and *David L. Copenhaver,* of Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM—This is a disciplinary proceeding before this Court on a four-count, amended, verified complaint filed, pursuant to Admission and Discipline Rule 23, Section 12, by the Disciplinary Commission of the Supreme Court of the State of Indiana. In accordance with the procedure established under Admission and Discipline Rule 23, a Hearing Officer was appointed in this cause, a hearing was conducted, and the Hearing Officer has filed with this Court his findings of fact and conclusions of law. Neither the respondent nor the Disciplinary Commission have petitioned for review of these findings and conclusions.

Under Count I of the complaint, the respondent is charged with conduct violative of Disciplinary Rules 1-102(A)(5) and (6); 6-101(A)(3); and 7-101(A)(1), (2), and (3) of the Code of Professional Responsibility.

After examining the matters which have been submitted in this cause, this Court now adopts and accepts as its own the findings of fact filed by the Hearing Officer. These findings

establish that in February, 1971, the respondent was employed by a client to handle a Workmen's Compensation claim arising from this client's injury on June 25, 1970. [This injury eventually necessitated the amputation of a leg below the knee.] Over the course of the next two years the respondent falsely advised this client that a claim had been filed and that things were coming along fine. Contrary to respondent's statements, however, a claim was not filed and eventually this claim expired on June 25, 1972, under the Statute of Limitations for such actions.

This Court concludes that in his representation of this client, the respondent failed to seek the lawful objectives of his client, failed to carry out his contract of employment, prejudiced his client during the course of a professional relationship, neglected a legal matter entrusted to him, engaged in conduct prejudicial to the administration of justice, and engaged in conduct which adversely reflects on the respondent's fitness to practice law. Accordingly, this Court now further finds that respondent's conduct constituted a violation of the Code of Professional Responsibility as charged in Count I of the amended complaint.

Under Count II of the amended complaint, the respondent is charged with violating Disciplinary Rules 1-102(A)(4), (5), and (6); and 6-102(A) of the Code of Professional Responsibility. Adopting the findings of fact submitted by the Hearing Officer, this Court now finds that on several occasions in 1975 the respondent falsely advised the client referred to under Count I of the complaint that he would be going to the Industrial Board, that he would meet with an insurance adjuster, and that he would be going to the insurance company's office relative to this client's claim. Also, in January, 1975, the respondent took the deposition of this client even though the statute of limitation had expired.

The conduct of the respondent, as established under Count II of the complaint, involves dishonesty and misrepresentation, is prejudicial to the administration of justice, and adversely

reflects on respondent's fitness to practice law. This conduct, however, does not constitute an attempt by the respondent to exonerate himself from or limit his liability to his client for malpractice. Accordingly, the Court further finds that under Count II of the complaint, the respondent has violated Disciplinary Rules 1-102(A)(4), (5), and (6) of the Code of Professional Responsibility.

In Count III of the amended complaint, the respondent is charged with violating Disciplinary Rules 1-102(A)(4), (5), and (6); 6-101(A)(3); and 7-101(A)(1), (2), and (3) of the Code of Professional Responsibility.

Again adopting the findings of fact filed by the Hearing Officer, we now find that in June, 1969, the respondent was employed by an out-of-state law firm to bring a breach of contract action against an Indiana resident. In April, 1970, the respondent informed the firm that such suit had been filed and would begin shortly. This representation was false; the respondent never filed the proceeding. During the next three years, this client wrote the respondent on twelve occasions; the respondent never replied. On November 11, 1974, this client demanded that respondent either settle the matter or return the file; the respondent did neither.

In light of our findings under Count III, we now conclude that with regard to this out-of-state law firm client, the respondent failed to seek the lawful objectives of his client, failed to carry out his contract of employment, prejudiced his client during the course of a professional relationship, neglected legal matters entrusted to him, engaged in conduct involving dishonesty, engaged in conduct prejudicial to the administration of justice, and engaged in conduct which adversely reflects on the respondent's fitness to practice law. Accordingly, this Court now further finds that the respondent has violated the Code of Professional Responsibility as charged in Count III of the complaint.

In Count IV of the amended complaint, the respondent is charged with violating Disciplinary Rules 1-102(A)(4), (5),

and (6); 6-101(A)(3); and 7-101(A)(1), (2), and (3) of the Code of Professional Responsibility.

The Court now adopts and accepts as its own the Hearing Officer's findings of fact under this Count and finds that the respondent was employed to represent a client in certain legal problems arising from the failure of a pharmacy business in 1972. The client signed certain blank forms, ostensibly for the purpose of filing for bankruptcy, and the respondent assured this client that the petition in bankruptcy had been filed. Between May, 1973, and June, 1974, the respondent advised this client approximately ten times that a hearing had been set and thereafter notified the client that the matter had been continued. On June 7, 1974, the respondent took his client to New Albany. The respondent asked the client to wait in a conference room while he allegedly talked to the bankruptcy referee. The respondent thereafter returned and told his client that his discharge in bankruptcy had been granted. This individual, in fact, did not obtain a discharge in bankruptcy until late 1974 or early 1975 after having retained other counsel.

In light of our findings under Count IV of the amended complaint, we now conclude that the respondent failed to seek the lawful objectives of his client, failed to carry out his contract of employment, prejudiced his client during the course of a professional relationship, neglected a legal matter entrusted to him, engaged in deceit, dishonesty, and misrepresentation, engaged in conduct prejudicial to the administration of justice, and engaged in conduct which adversely reflects on respondent's fitness to practice law. Accordingly, we now further find that, under Count IV of the amended complaint, the respondent has violated the Code of Professional Responsibility as charged.

It now becomes the duty of this Court to impose an appropriate disciplinary sanction for the misconduct found in this case. From an examination of the matters which have been submitted, it does appear that the respondent has a reputa-

tion for being a highly skilled attorney and the respondent has suffered personal hardships which have created adverse working conditions. These matters have been considered by this Court in the determination of the appropriate discipline.

On the other hand, the respondent, on repeated occasions, has seriously neglected the trust placed in him by his clients. Attorneys and lay persons sought his professional assistance. Instead of responding in a professional manner, the respondent, by his neglect, prejudiced his client's cause. This pattern of conduct is not only discrediting to the respondent, it adversely reflects on the entire legal profession.

With the foregoing considerations in mind, we conclude that in order to preserve the integrity of the legal profession and to demonstrate this Court's disfavor of the type of misconduct present in this case, a substantial period of suspension is warranted. Therefore, by reason of the violations of the Code of Professional Responsibility found under Counts I, II, III and IV of the amended complaint, it is now ordered that the respondent be, and he hereby is, suspended from the practice of law in the State of Indiana for a period of not less than two years, beginning September 15, 1977, and that he pay the costs of these disciplinary proceedings.

Hunter, J., dissents as to the Court's imposition of discipline in this case and would impose a three-year suspension rather than two.

NOTE.—Reported at 366 N.E.2d 166.